62431, 62432. PAUL et al. v. JONES et al.; and vice versa.

McMurray, Presiding Judge.

On August 28, 1974, A. B. Paul, a real estate developer and the sole stockholder of Deer Run Development Corporation, the owner of certain real property he was subdividing and developing to be known as Deer Run Subdivision, Section 11, and Ray Jones, the sole stockholder of Ray Jones, Inc., a company doing business as Lamar Gee Grading Co., entered into a proposal, accepted by the parties, whereby Lamar Gee Grading Co. was to construct a subdivision street for a real estate development to be otherwise known as Deer Run, Section 11, Phase 3. All work was to be done in accordance with Rockdale County, Georgia specifications and to pass inspection by subject government agencies. The street was completed and inspected by the Department of Inspection of Rockdale County, the developer receiving a letter dated October 31, 1974, stating that inspection of the street had been completed and it may now be accepted for the one year development and maintenance period, subject to receipt of a bond to be computed in accordance with the letter.

Paul, as developer, by and through a real estate broker, commenced the sale of the lots, and by May 15, 1976, all of the lots had been sold. The road began to deteriorate either through the failure to meet certain specifications of the county in its construction or due to weather conditions. On February 2, 1976, the chief inspector of Rockdale County advised Paul as to Deer Run Subdivision, Section 11, Phase 3, that upon a recent inspection the street was found "in such deplorable condition as to make it completely unacceptable into the Rockdale County system." He further advised that in the event certain repairs were not made by March 13, 1976, "to bring this street up to Rockdale County specification this bond [the maintenance bond in the amount of $12,400] will be forfeited and the

---

repairs made by Rockdale County." Whereupon, Paul made efforts to have the contractor repair the road, and certain repairs were made to the street either by the contractor or the county.

The original action between the parties was filed on July 26, 1976, but voluntarily dismissed on January 25, 1978. However, on March 6, 1978, Paul, individually, and Deer Run Development Corporation, again sued Ray Jones, individually, and Ray Jones, Inc., d/b/a Lamar Gee Grading Co., alleging both breach of contract and negligence in the performance of the contract and seeking judgment jointly and severally in Count 1 (for negligence) in the sum of $130,000 against the defendants. Count 2 alleged breach of contract and sought judgment, jointly and severally, against the defendants in a like sum, of which $75,000 was for the value of the roadway and $55,000 for plaintiffs' loss in having to sell the lots at greatly reduced prices less than the expected fair market value of the lots. The claim of attorney fees in this count was later stricken.

This is the second appearance of this case in this court, the first being *Paul v. Jones,* 149 Ga. App. 476 (254 SE2d 723), in which summary judgment granted in favor of the defendants was reversed. Reference is here made to this decision for a brief history of the litigation up to the trial and the order awarding plaintiffs certain costs incident to the appeal in the judgment on the remittitur following the reversal of the order granting defendants' motion for summary judgment.

Upon the trial of the case and after completion of the plaintiffs' evidence (in which the plaintiff developer stated he did not know who owned the road, the status of dedication being somewhat in flux, due to the method of acceptance by the county and the sale of the lots in the meantime) the trial court advised on motion for directed verdict made by the defendants on the issue of damages to the road itself that he was granting same since the developer/owner "didn't sell it," but gave it away to the county, there being no monetary loss because of the failure of the defendants to construct the road in a manner in which plaintiffs claim it should have been. After the defendants had presented evidence and opposing parties had rested, the court charged and directed the jury that it was not to consider, as respects the road itself, any items of damages "for the reason that the road was given to the county," the county had inspected it, had approved it and had received it as a dedication as a public road and the plaintiffs have not been called upon to spend any money to maintain the road, hence they have suffered no damage by reason of any loss to the road itself. The jury then returned a verdict for the "defendant," and judgment was then granted to the "defendants" with costs to be assessed against the plaintiffs. Motion for new trial was duly filed, amended, and, after

a hearing, denied. In Case No. 62431 the plaintiffs appeal. The defendants, after filing a motion to set aside the judgment on remittitur which was denied, cross appeal in Case No. 62432. *Held:*

1. Three of the plaintiffs' enumerations of error are concerned with the granting of the defendants' motion for directed verdict on the issue of damages to the road itself arising from the alleged breach of the contract or the negligent performance of the construction contract between the parties which include the overruling of the general grounds of the motion for new trial, as well as the charge to the jury to the effect that they were not to consider any damages as the result in diminution in the value of the road itself, hence the only item of damage in the case was the diminution in the market value of plaintiffs' lots contiguous to the road. Plaintiffs' evidence disclosed that there were 24 lots involved along the 4,400 feet of roadway involved in this litigation. The road was expressly dedicated to Rockdale County. See *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309, 311 (219 SE2d 380). There appears to be some evidence that the road has been accepted by reason of the conditional acceptance for a 12-month period upon the receipt of a maintenance bond which was prepared, and the lots sold. The sale of the lots necessarily involved the land in the roadway transferred to the various lot owners subject to the right-of-way in the public with maintenance of same by the county. All of the lots were sold before this litigation commenced, hence, all title or interest to the property within the street was conveyed to others. Accordingly, while some of the court's reasons for directing the verdict as to this issue were incorrect, nevertheless if the court is right for any reason it will be affirmed. See *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386). The plaintiffs could not sue for the diminution of value in the roadbed, already conveyed to others before this action commenced. The trial court did not err in directing the verdict with reference to the issue of damages as to the road itself and in charging the jury that the jury would not consider the diminution in market value of the road itself since the plaintiffs no longer owned or controlled same. Further, no evidence was presented with reference to payments made by the plaintiffs to repair and maintain the road or that the maintenance bond had been forfeited although the county had threatened to do so. See in this connection *Smith v. Lemon,* 166 Ga. 93, 97 (1) (142 SE 554); *Brown v. City of East Point,* 148 Ga. 85 (1) (95 SE 962); *Seaboard Air-Line R. Co. v. Greenfield,* 160 Ga. 407, 418-420 (128 SE 430). Compare *Gate City Cotton Mills v. Cherokee Mills,* 128 Ga. 170 (3), 173-174 (57 SE 320). Accordingly, plaintiffs no longer owned the fee in the road at the time this action was filed, hence there is no merit in any of these complaints.

2. Generally, the employer (here a contractor) is not responsible for torts committed by his employee (a subcontractor here) when the latter exercises an independent business in which the employer (contractor) does not subject the employee (subcontractor) to his immediate direction and control. Code § 105-501. See also *Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138 (97 SE2d 153); *Fields v. B & B Pipeline Co.,* 147 Ga. App. 875 (250 SE2d 582). However, there are a number of exceptions to this rule found in Code § 105-502, including if the wrongful act (the alleged manner in constructing the road) is a violation of a duty imposed by express contract upon the employer. Here the court charged the substance of Code § 105-501 that if an "employee [employer]" engages another to do a particular work but retains no power or right to direct the means or manner of accomplishing the result he is not liable for that person's act, but added that an employer is liable for the negligence of the contractor if the wrongful act is the violation of a duty imposed by express contract upon the employer. Objection has been made that the trial court erred in charging the jury on the defense based upon the use of an independent contractor. This charge was erroneous under the circumstances here since the contract here clearly required the paving to be done in accordance with Rockdale County specifications, to pass inspection by the subject government agencies, and the contract provided that all work was to be completed in a workmanlike manner according to standard practices. The negligence charged here was in the performance of the contract and not for some intervening negligent act whereby the subcontractor damaged the plaintiffs. There was nothing in the record or evidence to support the charge, hence it was confusing for the trial court to have given this charge. Compare *Southern Mills, Inc. v. Newton,* 91 Ga. App. 738 (2) (87 SE2d 109). See also *Azar v. General Motors Acceptance Corp.,* 134 Ga. App. 176, 178 (213 SE2d 500). The plaintiffs were entitled to the performance of the construction contract in accordance with the specifications and in a workmanlike manner, and the trial court erred in charging otherwise as to any claim of negligence performed by the subcontractor in performing the contract for the general contractor-defendants. See *Allied Enterprises v. Brooks,* 93 Ga. App. 832 (93 SE2d 392). Accord, *United States of America v. Aretz,* 248 Ga. 19, 23-26 (280 SE2d 345). The erroneous charge will require the grant of a new trial.

3. As to the cost of the earlier appeal, the plaintiffs were successful in obtaining a reversal of the order granting summary judgment which would have been final and binding upon the plaintiffs had they not appealed. Thus, the litigants were restored to the position that they were in before the judgment was pronounced.

See *Worley v. Travelers Indem. Co.,* 121 Ga. App. 179 (173 SE2d 248). The argument of the defendants as to this enumeration of error is not a contest as to the amount of the cost involved, but merely that same is premature where no final judgment has been entered in the case. Code § 6-1704 provides for judgment for costs on reversal, "as soon as the remittitur is returned to the court below." However, the amount allowed to the appellant obtaining the reversal shall not be greater than the amount actually paid out. *Greer v. Whitley,* 135 Ga. 333 (69 SE 479).

By brief, and with an affidavit of the trial court clerk in the record, there is an indication that no payment of court costs had been received from the plaintiffs with respect to the court costs incident to the appeal regarding the grant of the summary judgment now reversed. Nevertheless, the costs incident to this appeal are now due to be paid by the losing party, the defendants. The cost of the appeal in the case sub judice will also be due from the defendants to the plaintiffs. Although the order awarding costs was in favor of the plaintiffs, same had not been paid by plaintiffs to the trial court clerk. We have no way of knowing whether defendants have paid the awarded costs to plaintiffs directly. Accordingly, we direct that the matter of costs be determined in accordance with law and borne by the losing party, either paid to the clerk or to the party bearing the expense as to the appeal. However, the costs of the cross appeal must be borne by the plaintiffs as the defendants have reaped a victory. We assume that these issues as to costs will be handled properly in the trial court and will require no further ruling.

*Judgment affirmed in part and reversed in part in Case No. 62431. Affirmed with direction in Case No. 62432. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1981 —
REHEARING DENIED DECEMBER 8, 1981 IN CASE NO. 62431 —

*Curtis R. Richardson,* for appellants.
*George H. Connell, Jr.,* for appellees.