### 63807. FIDELITY & CASUALTY INSURANCE COMPANY OF NEW YORK v. MASSEY et al.

QUILLIAN, Chief Judge.

This is a suit on a policy of insurance covering a house which was damaged by vandalism.

Turea Massey's husband died leaving their house in the country in trust with Mrs. Massey beneficiary for life and their children as remaindermen. The Georgia Bank and Trust Company (bank) and Mrs. Massey were co-trustees, responsible for managing the corpus of the trust. Mrs. Massey continued to live in the house for some years until she moved into a rented apartment in town. The trustees decided to rent the house and Fickling and Walker, Inc. (F & W), a real estate agency, was engaged to rent the property. Tenants were obtained but in October 1977 they vacated the house. While the house was vacant prospective tenants sent to see the property in late October 1977 discovered that the house had been badly damaged by vandals.

Mrs. Massey had a hazard insurance policy on the house in her own name from appellant Fidelity & Casualty Insurance Company (insurer). There was no other insurance and Mrs. Massey had notified the bank that the house was covered by insurance. Because Mrs. Massey was ill her family, with the bank's concurrence, decided not to inform her of the damage to the house. The policy required that the insurer be notified of the loss within 60 days of its occurrence. The insurer did not receive notice of the loss until January 1978, more than 60 days after the loss, and therefore refused payment of a claim against the policy.

About two years after the loss, Mrs. Massey commenced this action, individually and as trustee, against the bank and F & W, alleging that they were negligent in failing to file proof of loss within the 60 days required by the insurer, resulting in the insurer's denial of liability for the loss. The bank's and F & W's answers contended that Mrs. Massey could not sue them until she pursued her claim against the insurer and pointed out that she had a valid claim because she was not competent during the notice of loss and commencement of suit time provisions of the policy. Mrs. Massey thereupon added the insurer as a party defendant, alleged she was incompetent until just prior to commencing suit, and demanded payment of her claim. The

trial court by pretrial order bifurcated the case for trial, with Mrs. Massey to proceed against the insurer only, and precluding the insurer from exploring any alleged negligent acts of the bank or F & W. The only issues to be tried were the competency of Mrs. Massey and the amount of damages.

A jury trial was had in which the insurer stipulated the incompetency of Mrs. Massey during all relevant times set forth in the policy. After the evidence was closed, the insurer moved for a directed verdict based on a failure of the evidence to show the damage to the house had occurred within 30 days after the house became vacant as required by the policy. The motion was denied. The jury returned a verdict for Mrs. Massey for $12,590, upon which judgment was entered and from which this appeal is taken. *Held:*

1. Error is enumerated because the trial court denied appellant's motion for directed verdict based on Mrs. Massey's failure to file suit within the time specified in the policy.

As indicated above, the only ground set forth in the motion for directed verdict was that the evidence did not show the damage occurred within 30 days after the property was vacated. Examination of the record and transcript does not reveal that the motion for directed verdict was made on the ground enumerated. A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. *Adams v. Smith,* 129 Ga. App. 850 (1) (201 SE2d 639); *J. C. Penney Co. v. Davis & Davis, Inc.,* 158 Ga. App. 169 (1) (279 SE2d 461). Therefore, this enumeration has no merit.

2. The remaining enumeration asserts that the trial court erred in its pretrial order in bifurcating the case for trial, in precluding appellant from exploring the negligent acts of the bank or F & W or any of the agents of Mrs. Massey, and in limiting the factual issues at trial to the question of damages and the competency of Mrs. Massey. No authorities are cited in support of this enumeration but the argument is that the pretrial order denied appellant a fair trial because it was prevented from showing that the failure to comply with the policy notice provisions resulted from the negligence of the bank and its agents.

Since the policy was between Mrs. Massey individually and appellant, evidence of any negligence in giving notice by persons not parties to the policy was irrelevant.

Moreover, Code Ann. § 81A-142 (b) (Ga. L. 1966, pp. 609, 654) provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, . . . or of any separate issue or of any number of claims . . . or issues."

"The court had the authority, pursuant to CPA § 42 (b) (Code Ann. 81A-142 (b)), to order a separate trial on the issues of liability

and damages. The court properly used its broad discretionary power not to encumber the trial with issues that could be separated, and being a discretionary matter there will be no reversal unless there has been a manifest abuse of discretion. [Cit.]" *Cline v. Kehs,* 146 Ga. App. 350 (1) (246 SE2d 329).

We find no abuse of discretion in this case.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MAY 3, 1982.

*John Burke Harris III, Joseph H. Davis, David P. Higdon,* for appellant.

*Phil Brown, William M. Flatau, Benjamin M. Garland, Charles M. Stapleton,* for appellees.