### 38654. JOHNSON et al. v. HENSEL PHELPS CONSTRUCTION COMPANY.

SMITH, Justice.

We granted certiorari to consider, in part, "whether on appeal an appellant is limited to the specific grounds stated at trial in support of a motion for a directed verdict . . ."

Appellant Johnson, a construction worker employed by A. R. Winter Co., a subcontractor, was injured in October 1975 while working on a project initiated by Metropolitan Atlanta Rapid Transit Authority (MARTA). While helping unload steel at a construction site, Johnson was badly burned when a crane he was touching came in contact with high-voltage electrical wires. Johnson sued, naming as defendants MARTA (the property owner), appellee Hensel Phelps Construction Co. (the general contractor for the job), and Parsons, Brinckerhoff, Tudor and Bechtel (the construction manager for MARTA). Johnson's theory at trial was that the defendants were jointly negligent in failing to have the high-voltage wires de-energized.

The case was tried before a jury, and on April 27, 1981, Johnson recovered $89,156.38 against Hensel Phelps, $45,190.04 against Parsons, Brinckerhoff, Tudor and Bechtel, and nothing against MARTA. Five days after the jury verdict and before judgment was entered in the case, this court decided *Wright Associates v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981), which overruled *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) (1947), and held for the first time that a statutory employer under Code Ann. § 114-103 is immune in tort from suit by the employee of an independent contractor.

On May 26, 1981, Hensel Phelps, appellee herein, filed its appeal from the superior court judgment to the Court of Appeals, alleging as error the trial court's denial of its motion for a directed verdict. See Code Ann. § 6-702. The Court of Appeals applied our decision in *Wright Associates,* supra, retroactively and reversed the judgment against Hensel Phelps.[1] *Hensel Phelps Constr. Co. v. Johnson,* 161

---

[1] In a separate opinion, the Court of Appeals affirmed Johnson's judgment against co-defendant PBTB. *Parsons, Brinckerhoff, &c. Inc. v. Johnson,* 161 Ga. App. 634 (288 SE2d 320) (1982).

Ga. App. 631 (288 SE2d 318) (1982). The court held that Hensel Phelps' motion for a directed verdict should have been granted and the case kept from the jury because, under the law as it existed at the time of appeal, Hensel Phelps was a statutory employer of Johnson and as a matter of law was not liable to him in tort. Because we hold that Hensel Phelps failed to preserve its statutory employer defense for appeal, we reverse.

"A motion for directed verdict shall state the specific grounds therefore . . ." Code Ann. § 81A-150 (a). By the great weight of authority, one appealing the denial of a motion for directed verdict may not raise for the first time on appeal a ground not specifically raised in the original motion. *Davis v. Glenville Haldi, P.C.,* 148 Ga. App. 842 (253 SE2d 207) (1979); *Adams v. Smith,* 129 Ga. App. 850 (201 SE2d 639) (1973); Western Oil Fields v. Pennzoil United, Inc., 421 F2d 387 (5th Cir. 1970) (construing FRCP 50 (a)); Maryland Cas. Co. v. Talley, 115 F2d 807 (5th Cir. 1940) (same). See also Wright & Miller, Federal Practice and Procedure: Civil § 2536 ("Contentions not urged [in a motion for directed verdict] in the trial court are not available on appeal . . ."); 5A Moore's Federal Practice ¶50.04.

We agree with these authorities that a rule limiting appellate review of the denial of a motion for a directed verdict to the grounds specifically raised in the motion is a wise one. The injustice inherent in the application of a contrary rule is apparent. Under a more lenient standard, a party who fails to raise an issue in its motion for directed verdict might, on appeal, obtain a reversal on a ground never proven or considered by the jury. This was precisely the effect of the decision of the Court of Appeals in this case. Here Hensel Phelps' motion for a directed verdict failed to mention the statutory employer defense which it has urged in its appellate briefs and arguments. Instead, appellee's motion was based on the contention that Hensel Phelps was not liable in tort to Johnson because he was a "borrowed servant" at the time of the accident.[2] Although the parties offered no proof touching directly on the statutory employer issue at trial, the Court of Appeals reviewed the record and concluded that Hensel Phelps, as a statutory employer, was immune from tort liability as a matter of law. We feel that this action improperly invaded the province of the trier of fact, and that this case illustrates the reason for a rule restricting appellate review of the denial of directed verdict motions to the grounds urged in support of the motion at trial.

---

[2] Both the trial court and the Court of Appeals rejected this defense as unsupported by the evidence at trial. 161 Ga. App. at 632.

There being no indication in the record that Hensel Phelps ever raised its statutory employer defense at trial, appellee may not now inject that issue for the first time on appeal of the denial of its motion for directed verdict. Therefore the judgment of the Court of Appeals, which was based solely on appellee's statutory employer defense, must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, C. J., and Marshall, J., who dissent.*

DECIDED SEPTEMBER 23, 1982 —
REHEARING DENIED OCTOBER 27, 1982.

*G. Michael Hartley,* for appellants.
*Paul A. Howell, Jr., Terrence Lee Croft, Judson Graves,* for appellee.