## 68906. BYTELL et al. v. PAUL.
(325 SE2d 451)

BEASLEY, Judge.

Defendants-appellants Bytell appeal from the denial of their motion to strike plaintiff-appellee Paul's voluntary dismissal of his suit.

Paul sued Bytell, a physician, and his professional corporation, for malpractice. At trial, upon the termination of Paul's case in chief, Bytell moved for a directed verdict on the grounds of insufficiency of evidence. After having the testimony of Paul's expert medical witness read and played to court and counsel, the following colloquy occurred: "[Court] . . . Nowhere have I seen any standard of care or testimony that this doctor's procedural work during the operation was less than or violated whatever standard of care might be there. I think most cases ought to go to a jury — I believe in juries, but I don't believe in them to the tune of running rough-shod over the testimony and the law . . . [Plaintiff's counsel]: . . . What I would want to do in that case is to reopen and get [the medical expert] back up here and if it is not in there I can ask him that question again . . . [Court]. No, sir, we are ready to proceed. You have rested subject only to rebuttal. On rebuttal it would not be permissible to raise a new question and a new response. [Plaintiff's counsel]: Well . . . in that case I would voluntarily dismiss the action. I have a dismissal that I signed and I would like to file it with the Court. [Defendants' counsel]: Judge, I hate to have a race, but I have an order to direct a verdict and I would proceed to have the Court enter the order directing a verdict and not allow the voluntary dismissal. [Court]: Well, you understand . . . that a voluntary dismissal can be entered without my approval. All he has to do is volunteer to dismiss and enter it in the record and it's done. [Defendants' counsel]: He hasn't done it yet. [Court]: I think he has just done it. [Plaintiff's counsel]: I handed it to the court reporter. [Court]: I have no control over that. If he volunteers to dismiss the case that is his privilege, that's his right in this proceeding." The court then terminated the trial and subsequently denied Bytell's motion on behalf of both defendants to strike the voluntary dismissal.

*Held*:

The Civil Practice Act permits voluntary dismissal "by filing a written notice of dismissal at any time before verdict." OCGA § 9-11-41 (a).

" 'It has been held that the plaintiff's right to dismiss cannot be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached . . . [Cits.] The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he cannot, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus

gained.' *Peoples Bank of Talbotton v. Exchange Bank of Macon*, 119 Ga. 366, 368 (46 SE 416)." *Cooper v. Rosser*, 233 Ga. 388 (1) (211 SE2d 303).

"It is the view of this court that once a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal.

"We also conclude that the announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge." *Jones v. Burton*, 238 Ga. 394, 395-6 (233 SE2d 367). See also *Groves v. Groves*, 250 Ga. 459 (1), 460 (298 SE2d 506).

As the foregoing cases indicate, if the trial court in the instant case had orally announced a "finding," "judgment," or "decision" which is the equivalent of a verdict, the voluntary dismissal would have been invalid.

Under the facts as shown, the reversal of the refusal to strike would be proper had the trial court specifically stated or announced that it was going to direct a verdict or words to that effect. But this did not occur. The proceedings did not reach such a point. From the entire colloquy, moreover, it is clear that had the trial court believed that it, the trial court, had already disposed of the action by a direction of verdict, it would not have allowed the filing of the voluntary dismissal.

Form should not prevail over substance. It is equally important that substance not be manufactured or presumed. In this case, the colloquy indicates the court's recollection of the evidence after some consideration of the "tape" by the court and counsel. However, the only positive action that the court took was to deny appellee's motion to re-open the evidence. The court then said "we are ready to proceed" and that new matter could not be introduced in rebuttal. It is obvious that if the court had finally satisfied itself that the state of the record was as it envisioned, it would have granted the motion for directed verdict upon the basis of the principles of law as it had correctly articulated them to counsel. However, the record does not show that the trial court unequivocally reached the decision that the record was as it recalled it to be. If the judge had that in his mind, he certainly did not announce it, and that is critical. The right of a plaintiff to have his case decided on its merits cannot be cut off by what is only formulated, or formulating, in the judge's mind.

Counsel then announced and filed a voluntary dismissal. The court allowed its filing, thus ruling to accept the voluntary dismissal. The trial court subsequently denied defendants' motion to disallow

voluntary dismissal, thus affirming the fact that no decision on the motion for directed verdict had been announced which would have effectively ended the case but for the formalities and cut off plaintiff's right to voluntarily dismiss it. There was no error.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 30, 1984 —
REHEARING DENIED DECEMBER 14, 1984.

*Gould B. Hagler*, for appellants.
*Allen W. Johnson, C. Thomas Huggins*, for appellee.