## 70648. MIXON v. TRINITY SERVICES, INC.
### (337 SE2d 362)

BENHAM, Judge.

Appellant brought suit against appellee to recover damages for injuries which appellant alleged he had suffered when he slipped and fell on a floor in an area of his workplace for which appellee provided janitorial services. This appeal is from a judgment for appellee entered on a directed verdict and from the denial of appellant's motion for new trial.

1. At the conclusion of all the evidence, appellee renewed its motion for a directed verdict in its favor. The trial court agreed with appellee's counsel during a colloquy on the motion that appellant had not proved an essential element of his cause of action. Appellant then indicated a desire to voluntarily dismiss the suit. Before he had done so by way of filing a written dismissal, the trial court announced that it had decided to grant appellee's motion for a directed verdict. Apparently under the impression that appellant had an absolute right to dismiss at that time, the trial court permitted appellant's counsel to file a voluntary dismissal. Subsequently, however, on motion by appellee, the trial court entered an order recognizing that it had already announced its decision to grant the directed verdict before the dismissal was filed, holding the dismissal to be ineffective and entering judgment for appellee.

Appellant's first enumeration of error, that the trial court erred in entering judgment after the filing of the voluntary dismissal, is

controlled adversely to appellant by *Jones v. Burton*, 238 Ga. 394 (233 SE2d 367) (1977), and *Vanderbreggen v. Hodge*, 171 Ga. App. 868 (321 SE2d 218) (1984). It is clear from the transcript that the trial court's decision to grant the directed verdict was announced prior to the filing of the voluntary dismissal. *Bytell v. Paul*, 173 Ga. App. 83 (325 SE2d 451) (1984), does not require a different result: there, the written dismissal was filed prior to the announcement of the court's decision on the motion for a directed verdict. Although it has no impact on the present case, we note in passing that OCGA § 9-11-41 (a), the statute governing voluntary dismissals, has been amended to require that voluntary dismissals be filed prior to submission of the case to a jury. Ga. L. 1985, p. 546, § 1, effective July 1, 1985.

2. In his second enumeration of error, appellant asserts that the direction of a verdict for appellee was error because the evidence was sufficient to send the case to the jury. One of the elements to be proved in a case such as appellant's is that the defendant had actual or constructive knowledge of the presence of the foreign substance on which the plaintiff slipped. In the present case, appellant claimed that his fall was due to the negligence of appellee in leaving water on the floor after mopping it. However, appellant was unable to present any evidence showing that an employee of appellee was present when appellant fell or that the water had been on the floor long enough for appellee to be charged with constructive notice of its presence. See *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530 (301 SE2d 695) (1983). Since appellant failed to prove that essential element of his claim against appellee, appellee was entitled to a directed verdict. Id.

3. Within the time for filing a motion for new trial, appellant discovered a witness who claimed that he was present when appellant fell and had seen, only minutes before, an employee of appellee mopping the floor on which appellant fell. The trial court denied the motion for new trial, holding appellant had failed to exercise due diligence in discovering the evidence prior to trial.

A mere allegation that newly discovered evidence was not discoverable by ordinary diligence is insufficient. *Jefferson v. State*, 157 Ga. App. 324 (277 SE2d 317) (1981). The trial judge is the trier of fact on questions of diligence in such cases. *Matthews v. Grace*, 199 Ga. 400 (34 SE2d 454) (1945). In testimony at the hearing on his motion, appellant testified that he had spoken only to two fellow employees in an effort to discover evidence for his trial. He also admitted that he had not taken other steps such as putting up a notice that he was seeking information regarding his accident or attempting to learn the identity of other fellow employees on duty on the night of his fall. Under those circumstances, we find no abuse in this case of the dis-

cretion with which a trial court is cloaked in ruling on motions for new trial on the ground of newly discovered evidence. *Matthews*, supra; *Jefferson*, supra. The trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED NOVEMBER 1, 1985 — 

*Guy G. Michaud, Christopher J. McFadden*, for appellant.
*John E. Hall, Jr., Michael G. Frick*, for appellee.