## 71351. OMNI EXPRESS, INC. v. CLEVELAND EXPRESS, INC.
## 71352. CLEVELAND EXPRESS, INC. v. OMNI EXPRESS, INC. et al.

(341 SE2d 911)

BENHAM, Judge.

The evidence at trial showed that Cleveland Express, Inc. ("Cleveland"), a motor carrier, entered into an interlining agreement

(an arrangement by which a common carrier entrusted with cargo intended for a locality not within its authorized service area delivers the cargo to a carrier authorized to serve that area, with fees to be split according to tariffs established by the Interstate Commerce Commission) with Omni Express, Inc. ("Omni"), another motor carrier. Then, at Omni's direction, Cleveland began delivering freight to another terminal, operated by a different corporation. The funds paid to the other corporation by Cleveland and by customers were deposited in an account owned by Omni. When payment was not forthcoming to Cleveland on amounts earned through the interlining agreement, this suit was brought, resulting in a judgment for Cleveland for the amount claimed and interest thereon.

1. The first enumeration of error in Cleveland's cross-appeal concerns the trial court's denial of Cleveland's motion to dismiss the main appeal. Since there is no transcript of the hearing which was held in the trial court, this court must assume that the trial court's ruling was correct. *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302 (2) (265 SE2d 107) (1980).

2. Cleveland, in its pleadings, demanded expenses of litigation on the ground that Omni acted in bad faith in the underlying transaction and had been stubbornly litigious. The second enumeration of error in the cross-appeal is directed to the trial court's denial of those expenses.

Although the question of a party's entitlement to expenses of litigation is generally a question for the jury (*Brannon Enterprises v. Deaton*, 159 Ga. App. 685 (285 SE2d 58) (1981)), since the parties to this case consented to the submission of the case to the jury on a special verdict form, Cleveland waived the submission of this issue to the jury by failing to ask that it be included. OCGA § 9-11-49 (a); *Rewis v. Browning*, 153 Ga. App. 352 (6) (265 SE2d 316) (1980).

Reviewing the evidence before the trial court, we find support for the trial court's ruling against Cleveland on this issue: there was a bona fide controversy concerning which of two corporations was liable to Cleveland; and evidence that the owner of Omni set up a new corporation to buy an existing motor carrier and then sought to have that corporation interline with Cleveland supported Omni's claim of good faith in the underlying transaction. See OCGA § 13-6-11.

3. In the main appeal, Omni's three enumerations of error challenge the trial court's denial of its motions for directed verdict at the end of the plaintiff's case and at the close of the evidence, and the denial of its motion for judgment notwithstanding the verdict.

The enumeration of error regarding the denial of judgment notwithstanding the verdict is clearly without merit in light of the fact that no motion for that relief and no ruling concerning such relief is contained in the record before us. *Bryant v. Mayor &c. of Americus,*

252 Ga. 76 (4) (311 SE2d 174) (1984).

The two enumerations of error dealing with the denial of Omni's motions for directed verdict are equally without merit since the sole ground raised on appeal in support of those enumerations of error was not raised in the trial court. *Fidelity &c. Ins. Co. of N. Y. v. Massey*, 162 Ga. App. 249 (1) (291 SE2d 97) (1982).

4. Cleveland's motion for damages for a frivolous appeal is denied since, although there was no merit to the appeal, it was not so clearly specious as to demand the conclusion that the appeal was pursued for the purpose of delay only. *Great A & P Tea Co. v. Burgess*, 157 Ga. App. 632 (4) (278 SE2d 174) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1986.

*Samuel H. Kirbo*, for Omni Express.
*Arthur B. Seymour*, for Cleveland Express.