75887. DIXON et al. v. BORG-WARNER ACCEPTANCE
CORPORATION.
(368 SE2d 800)

SOGNIER, Judge.

Borg-Warner Acceptance Corporation brought suit against A. David Dixon, Jane B. Dixon, and Norcross Marine, Inc., to recover sums owed it under an inventory financing agreement. The jury returned a verdict in favor of Borg-Warner for $23,000, and the Dixons and Norcross Marine appeal from the denial of their motions for judgment notwithstanding the verdict and for a new trial.

The record reveals that Norcross Marine entered into an inventory financing agreement with appellee whereby appellee agreed to finance the purchase of boats, trailers and accessories for resale. The Dixons signed personal guarantees for payment of the sums advanced under the agreement. Under the terms of the agreement, appellee acquired a security interest in each item financed, which terminated when Norcross Marine sold the merchandise and paid over to appellee, from the proceeds of the sale, the amount of its indebtedness as to that item.

During a regular field inspection at Norcross Marine, appellee discovered that some merchandise it had financed was no longer on the showroom floor, although the indebtedness had not been paid on

those items. Appellee concluded that these items had been sold "out of trust," i.e., that appellants had sold the merchandise without turning over to appellee that portion of the proceeds representing appellants' debt to appellee as to that item. Appellee brought suit against appellants for the entire outstanding balance under the financing agreement, and the trial court entered an order granting appellee an immediate writ of possession unless appellants paid into the registry of the court the entire remaining indebtedness. When appellants were unable to do so, appellee repossessed all inventory remaining in the showroom as to which it had a security interest and resold the inventory to the manufacturers of the goods. Since the repurchase price completely covered appellants' debt to appellee as to the repossessed inventory, appellee thereafter amended its complaint to reflect the reduction in the amount of the indebtedness, in essence seeking recovery only for the amount due on those items sold "out of trust" before the repossession.

Appellants contend the trial court erred by denying their motions for a directed verdict and for judgment n.o.v. because appellee failed to prove its sale of the repossessed merchandise back to the manufacturers was commercially reasonable, and because appellee failed to overcome the presumption that the value of the collateral equals the amount of the debt owed. We find no merit in appellants' arguments. The principles asserted by appellants apply when the secured party sells repossessed collateral and looks to the debtor for any deficiency. OCGA § 11-9-504 (2). While we agree with appellants that it is generally true that "every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable," OCGA § 11-9-504 (3), and that the burden is on the creditor to overcome the presumption that the value of the collateral equals the debt on it, see *Farmers Bank v. Hubbard*, 247 Ga. 431, 436 (276 SE2d 622) (1981), we do not agree with appellants that the damages sought by appellee in the case sub judice were a claim for a "deficiency," as contemplated by OCGA § 11-9-504 (2). Although appellee did claim to be seeking a "deficiency" in its complaint, the complaint was superseded by the pretrial order, see OCGA § 9-11-16 (b), in which appellee's claim for damages, as further indicated by the proof presented at trial, addressed recovery only of sums for the goods sold "out of trust." Since the evidence showed the sum sought represented the amount advanced to appellants on those inventory items which could not be repossessed because they had been sold "out of trust," and since these items were not, and could not have been, repossessed by appellee, we agree with appellee that no deficiency was sought, and OCGA § 11-9-504, dealing with a secured party's rights and obligations when retaking collateral after default, is not applicable to the facts of this case.

Appellants argue in their brief on appeal that appellee had a blanket security interest in all inventory, rather than separate security agreements as to each item, and consequently the repossessed items cannot be considered separately from the items sold "out of trust" in deciding whether a deficiency existed. Although this reasoning is similar to that advanced in our opinion in *C. Itoh Indus. Machinery v. Forklift Svc. Co.*, 180 Ga. App. 125 (348 SE2d 551) (1986), aff'd 256 Ga. 757 (354 SE2d 159) we note that appellants failed to raise this issue below, and " '[a] ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. [Cits.]' [Cits.]" *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299-300 (352 SE2d 185) (1986). Accordingly, we find no merit in appellants' enumerations of error.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 14, 1988.

*V. Lee Thompson, Jr.*, for appellants.
*J. Loren Fowler*, for appellee.