76602. LEADER NATIONAL INSURANCE COMPANY v. KEMP & SON, INC.
(375 SE2d 231)

McMURRAY, Presiding Judge.

This is the third appearance of this case. In *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267 (339 SE2d 321), the procedural background was set forth as follows:

"This case is one of four lawsuits stemming from a 1977 accident in which Smith was killed when his truck collided with a tractor-trailer driven by Neal, an employee of Kemp & Son, Inc. (Kemp). Smith's mother and the administrator of Smith's estate filed separate wrongful death and negligence actions against Kemp and its employee (the driver Neal). Kemp's insurer, Leader, initially entered a defense on behalf of Neal's estate, Neal having died in the interim, but withdrew soon after and denied coverage. Another attorney represented Kemp. The cases were consolidated for trial and were tried without a jury in January 1980 against Neal's administrator and Kemp. No one, and no counsel, appeared for either of these two defendants. The trial court noted that it was aware Kemp's insurer had withdrawn its counsel due to its denial of coverage. The court proceeded, having concluded that all parties involved had sufficient time to protect their legal interests as the cases had been pending since December 1977. Judgments totalling over $667,000 were entered for Smith's mother and the administrator. No appeals were taken.

"Kemp, the administrator, and Smith's mother then filed the present action against Leader to recover the judgments and costs of defending the tort actions, contending there was coverage under Kemp's policy.

"Prior to the entry of judgments in the tort actions, and so prior to the instant suits, Leader had petitioned for declaratory judgment alleging that the tractor-trailer involved was not covered under Kemp's insurance policy because it was purchased individually by the company's president. This court affirmed the denial of summary judgment to Leader, determining that a conflict remained for jury determination of the insurance coverage issue. *Leader Nat. Ins. Co. v. Smith*, 162 Ga. App. 612 (292 SE2d 456) (1982). Leader then volunta-

rily dismissed the declaratory judgment action, apparently because the same issue was pending in the present action, and filed a motion for summary judgment in it. The motion was denied, and we granted Leader's application for review. This prompted a cross-appeal by Kemp against Leader and the insurance agent as the trial court had also dismissed certain of Kemp's claims." *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 268, supra. This court affirmed the denial of Leader's motion for summary judgment and the dismissal of "certain of Kemp's claims" and the case was returned to the trial court where a jury trial was conducted to determine the extent of Leader's liability for allegedly breaching the insurance contract by failing to defend Kemp in the underlying tort actions. The evidence adduced at trial was essentially the same as the evidence set out in *Leader Nat. Ins. Co. v. Smith*, 162 Ga. App. 612, supra, and supplemented in *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, supra. Consequently, it is sufficient to relate the jury's finding with regard to the following special interrogatories submitted for their consideration:

"Number One: Was the vehicle in question an insured vehicle under the policy of insurance on the day of the accident, April 25, 1977? Answer: Yes.

"[Two:] Were the judgments obtained by the Smiths as the result of a breach of contract of insurance by Leader National Insurance Company? Answer is Yes.

"Three: If Kemp and Son incurred damages, were such damages proximately caused as a result of breach of the contract by Leader National Insurance Company? The answer is yes.

"Number Four: Is Kemp and Son, Inc. entitled to recover bad faith damages against Leader National Insurance Company? The answer is yes.

"Number Five: Is Kemp and Son, Inc. entitled to recover attorney's fees against Leader National Insurance Company? The answer is yes." From these findings, the jury entered a $2,043,438.70 verdict against Leader, comprising the total amount of the judgments entered against Kemp in the underlying tort actions with interest, a 25% bad faith penalty, and attorney fees. This appeal followed. *Held:*

1. In its first enumeration of error, Leader contends "[t]he trial court erred in denying [its] motion for directed verdict on the issue of [its] liability for damages in excess of the policy limits."

" 'A motion for a directed verdict shall state the specific grounds therefor.' OCGA § 9-11-50 (a). 'A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. *Adams v. Smith*, 129 Ga. App. 850 (1) (201 SE2d 639); *J. C. Penney Co. v. Davis & Davis, Inc.*, 158 Ga. App. 169 (1) (279 SE2d 461).' *Fidelity &c. Ins. Co. v. Massey*, 162 Ga. App. 249 (1) (291 SE2d 97) (1982); *Omni Express v. Cleveland Express*, 178 Ga. App. 42, 43 (3) (341 SE2d 911)

(1986)." *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185). In the case sub judice, Leader failed to raise this issue in its motions for directed verdicts brought after the close of the plaintiffs' case and at the close of evidence. Consequently, this enumeration of error presents nothing for appellate review. "The function of the requirement that the specific grounds be stated 'is to assure that the trial court has an adequate basis for its decision.' 5A Moore's Fed. Practice Par. 50.04." *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299 (2), 300, supra.

2. Defendant's second enumeration of error challenges the trial court's instruction that "[t]he positive obligations of the insurer created by its *unjustified refusal to defend are, number one, liability for the amount of the judgment rendered against the insured*; . . . and two, liability for the expenses incurred by the insured in defending the suit; and three, liability for any additional damages that are traceable to its refusal to defend the action." (Emphasis supplied.) Leader argues that the emphasized portion of this charge is contrary to this court's decision in *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 277, supra. We do not agree.

The emphasized language of the above jury instruction follows this court's holding in *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267 (2), supra, where it was stated that " '[b]y an unjustified refusal to defend an action against the insured[,] the insurer becomes subject to . . . liability for the amount of the judgment rendered against the insured. 29A AmJur. 571, § 1460; 49 ALR2d 717.' " *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 278, supra. Moreover, the emphasized language of the above instructions was authorized as there was evidence presented at trial showing that Leader withdrew representation of its insured in the underlying tort actions, without insuring that Kemp's defenses were preserved, at a time when Leader's responsibility under the insurance policy remained in question. See *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 278, 279, supra. This enumeration of error is without merit.

3. Next, Leader contends the trial court erred in denying its motion for directed verdict on the issue of bad faith penalties and attorney fees because Kemp failed to comply with the 60-day notice requirement of OCGA § 33-4-6. This Code section provides, in pertinent part, as follows: "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 percent of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the action against the insurer."

"The purpose of the [60-day] waiting period, which is to protect the insurer by giving it a reasonable time to investigate the claim, examine the facts, and determine its liability, is no longer served when the insurer files suit seeking to relieve itself of liability under the policy. Great American Reserve Insurance Co. v. Britton, 406 SW2d 901, 907 (Tex. 1966); 16 Couch on Insurance 2d § 58:208, p. 124. See also Continental [*Insurance Company v. Wickham*, 110 Ga. 129 (2), 135 (35 SE 287)]; *Wilkins v. Allstate Insurance Co.*, 173 S2d 199, 202 (La. App. 1965); *Sbisa v. American Equitable Assurance Co. of New York*, 11 S2d 527, 534 (La. 1942) (on rehearing); *Parisi v. Washington National Insurance Co.*, 501 SW2d 732, 733 (Tex. Civ. App. 1973); 145 ALR 343, 348." *Sawyer v. C & S Nat. Bank*, 164 Ga. App. 177, 181 (2, d), 184 (296 SE2d 134). Consequently, since Leader filed a declaratory judgment action to determine its duty to defend its insured under the policy before initiation of the case sub judice, it waived the 60-day notice requirement of OCGA § 33-4-6.

4. Leader further contends in its third enumeration of error that the trial court erred in failing to grant its motion for directed verdict on the issue of bad faith penalties and attorney fees because its defense of non-coverage was reasonable as a matter of law. We do not agree.

Although virtually the same facts were adduced at trial as were adduced on summary judgment in *Leader Nat. Ins. Co. v. Smith*, 162 Ga. App. 612, supra, where we held that a material question of fact remained as to Leader's duty to defend Kemp, we cannot conclude that Leader's defense was reasonable as a matter of law. "The question of bad faith is for the jury unless it can be said that as a matter of law there was a reasonable defense which vindicates the insurer's good faith. *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (253 SE2d 745) (1979)." *St. Paul Fire &c. Ins. Co. v. Snitzer*, 183 Ga. App. 395, 397 (2) (358 SE2d 925).

In addition to strong evidence in the case sub judice showing that Kemp was covered under the policy by virtue of its obtaining possession and use of the covered vehicle less than thirty days before the collision, evidence showing that Leader withdrew from defending Kemp in the underlying tort actions before final adjudication of the pending declaratory judgment action authorized the jury's finding that Leader acted in bad faith in failing to defend Kemp. " 'By refusing to defend, [an insurance] company . . . exposes itself to a charge of and penalty for breach of contract. . . .' *LaSalle Nat. Ins. Co. v. Popham*, 125 Ga. App. 724 [229 (188 SE2d 890)]." *Richmond v. Ga. Farm Bureau &c. Ins. Co.*, 140 Ga. App. 215, 218 (231 SE2d 245). In fact, Leader's withdrawal from defending Kemp in the underlying tort actions rendered moot the declaratory judgment action it had initiated to determine the parties' duties under the policy and invited

the action which is the subject of this appeal. See *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 132 Ga. App. 332, 334-335 (208 SE2d 170). Consequently, the trial court did not err in denying Leader's motion for directed verdict.

5. In its final enumeration of error, Leader contends "[t]he evidence demanded a verdict that the subject insurance policy afforded no coverage to Kemp & Son, Inc., for the judgments rendered, and, therefore, the trial court erred in denying [its] motion for directed verdict on the issue of coverage."

"The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the 'any evidence' standard. *United Fed. Sav. &c. Assn. of Waycross v. Connell,* 166 Ga. App. 329 (1) (304 SE2d 131) (1983). See also OCGA § 9-11-50 (a)." *Honester v. Tinsley,* 183 Ga. App. 146, 147 (2) 148 (358 SE2d 295). As was stated in Division 4 of this opinion, there was "strong evidence" which authorized a finding that Kemp was covered under the policy at the time of the collision. (It is unnecessary to restate the facts which support this conclusion inasmuch as the evidence adduced at trial was virtually the same as the evidence before this court in *Leader Nat. Ins. Co. v. Smith,* 162 Ga. App. 612, supra.) Consequently, the trial court properly denied Leader's motion for directed verdict on the issue of coverage.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 27, 1988 —
REHEARING DENIED OCTOBER 14, 1988 —

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, John E. Bumgartner, E. Clayton Scofield III, Harold N. Hill, Jr.,* for appellant.
*William H. Glover, Jr., Jack Hutto,* for appellee.