61388. BATTLE v. YANCEY BROTHERS COMPANY.

DEEN, Presiding Judge.

1. (a) It has been well settled that a motion for judgment notwithstanding the verdict under Fed. Rules Civ. Proc., Rule 50 (b), 28 U. S. C. A. or the identical Georgia Code § 81A-150 (b) may be considered only when based upon a motion for directed verdict timely made, that is, at the close of all the evidence. Indamer Corp. v. Crandon, 217 F2d 391; *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103) (1970); *Ace Parts & Distributors v. First Nat. Bank,* 146 Ga. App. 4 (4) (245 SE2d 314) (1978). In the present case a motion for directed verdict was made by the defendant at the close of the plaintiff's evidence, denied, and evidence then offered by the defendant, who failed to renew the motion at the close of all the evidence. The enumeration of error based on failure to grant a motion for judgment notwithstanding the verdict accordingly cannot be considered.

(b) However, under Code § 6-702 (b) a party has an option either to file a motion for judgment notwithstanding the verdict or to appeal directly from the final judgment and enumerate error on the overruling of the motion for directed verdict. Since the appellant saw fit to follow the latter procedure we consider whether the motion for directed verdict was erroneously denied.

2. Appellant defaulted on a retail installment sale contract with the appellee for a caterpillar 977L Traxcavator. He also owed the appellee a further sum on open account. The appellee, to whom the machine had been delivered for repairs, refused to release it until the account was made current. Upon failure of the appellant to pay, the appellee eventually sold it at private sale and applied in the present action for deficiency judgment which was awarded it at trial by a jury verdict. The appellant contends that as a matter of law the failure to grant a motion for directed verdict based on the alleged failure to give proper notice of the intended sale was error.

(a) The traxcavator does not fall within the purview of Code § 96-1007 which refers to *motor vehicles* repossessed after default in accordance with Code Chap. 109A-9—5. Motor vehicle as defined in Code Chap. 96-10 falls into the class of vehicles "operated over the public highways and streets" and does not include "traction engines, road rollers, implements of husbandry and other agricultural equipment and such vehicles as run only upon a track." Plaintiff's testimony established this machine as a "track type tractor, meaning tracks instead of wheels that it runs on the ground on . . . has a bucket on the front . . . The 977-L is a little larger than a medium size tractor and is used primarily in the construction business for moving dirt or

loading trucks and general landscaping . . . digging basements and so forth."

The description given by the witness fails to place the machine under the definition of a motor vehicle found either in Code § 96-1002 (1) or the general definition of a motor vehicle (Code § 68-402a (n)) as a device used for transportation upon a highway, but does fit the definition of special mobile equipment under Code § 68-402a (1) as a vehicle not designed for transportation upon a highway and primarily used for ditch digging, road construction, maintenance machinery such as bucket loaders, tractors and other truck tractors, ditchers, scrapers, earth movers, etc. We accordingly need not consider whether there was a technical compliance with the notice provisions of Code § 96-1007 which refer only to "motor vehicles" as there defined.

(b) As to compliance with the notice provisions of Code § 109A-9—504 (3), disposition of the collateral by private sale is authorized provided the seller gives "notification of the time after which any private sale or other intended disposition is to be made."

By letter of August 21, 1979, the appellee secured party informed the appellant that as a result of its default the machine was being held by the appellant as repossessed, that it was the appellant's intent to dispose of it at a private sale in a commercially reasonable manner, and that appellant had the privilege of paying the contract, parts and service account within 10 days, the machine not to be released until the amount stated was paid in full. The letter further states that if the selling price of the machine is less than the amount owing under the conditional sales contract action for recovery of the deficiency will be instituted.

The letter was received and the amount claimed due was not contested and not paid. The letter does not suffer from the defects pointed out in *GEMC Fed. Credit Union v. Shoemake,* 151 Ga. App. 705 (2) (261 SE2d 443) (1979) (failure to advise the defendant of any contemplated sale, either public or private). It meets the requirements set out in *Motor Contract Co. v. Sawyer,* 123 Ga. App. 207 (3) (180 SE2d 282) (1971) and *Ga. Grain & Stillage Co. v. First Ga. Bank,* 142 Ga. App. 709 (1) (236 SE2d 913) (1977), as well as those of the Code. Accordingly, the appellant's motion for directed verdict based on the contention that notice provisions were not complied with prior to the sale was properly denied.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Division 2 and the judgment.*

DECIDED JANUARY 29, 1981.

*Dennis M. Hall,* for appellant.
*John T. McGoldrick, Jr.,* for appellee.