### 64721. EIBERGER v. WEST.

SHULMAN, Chief Judge.

Appellant filed this appeal in the Supreme Court, which thereafter transferred the appeal to this court. This is the second appeal in this action (see *Eiberger v. West,* 247 Ga. 767 (281 SE2d 148)), and arises from a jury trial limited to the issue of whether appellee should be awarded her attorney fees and expenses of litigation. The jury awarded attorney fees and litigation expenses pursuant to Code Ann. § 20-1404 (OCGA § 13-6-11). Appellant cites as error the trial court's decisions to overrule his objection to the reading into evidence of its previous order, a portion of which was reversed by the Supreme Court in *Eiberger v. West,* supra, and not to caution the jury in its charge to ignore those portions of the order that had been reversed by the Supreme Court. Appellant also challenges the trial court's denial of appellant's motion to direct appellee to accept payment of the balance allegedly due on the note.

1. Appellant's enumeration of error relating to the trial court's ruling on his objection to the reading of the order presents nothing for review by this court. The record shows the following colloquy between the trial court and counsel: "[Appellee's counsel]: Your Honor, at this time I would like to read in evidence the court's order of August 18, 1980. The Court: All right. [Appellant's counsel]: Your Honor I object to that. The Court: Overrule your objection. [Reading of the order in its entirety]."

"In order to raise on appeal contentions concerning admissibility of evidence 'the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed.' [Cits.]" *Sutphin v. McDaniel,* 157 Ga. App. 732 (1) (278 SE2d 490). The record affirmatively demonstrates that appellant failed to make specific objection to the proffered evidence. This enumeration is without merit, and the trial court's denial of his motions for new trial and for judgment n.o.v. on this ground was not error.

2. Appellant also challenges the trial court's "failure" to

"caution" the jury about the improper language contained in the order. However, no cautionary instructions were requested at the time the evidence was admitted, no exceptions were taken to the court's charge, and no requests for instructions on this issue were submitted by appellant. The record reflects that appellant "suggested" at the close of the charge that "it might be wise for your Honor to give [the jury] some sort of cautionary instruction." The court then recessed for the day with the statement that counsel could "perfect the record or . . . show that those charges are incorrect and the jury needs to be re-instructed" at 9:00 a.m. the next morning. The record does not show any further consideration of the charge. In view of appellant's failure to except to the charge or present to the court the charge requested, this enumeration is without merit. Code Ann. § 70-207 (a) and (b) (OCGA § 5-5-24); *Albea v. Jackson,* 236 Ga. 690, 691 (225 SE2d 46); *Steed v. Steel Products Mfg. Co.,* 152 Ga. App. 350, 353 (262 SE2d 616). Furthermore, we find no error in the court's charge as given that would demand reversal under Code Ann. § 70-207 (c) (OCGA § 5-5-24). The trial court did not err in denying appellant's motions for new trial and for judgment n.o.v. on this ground.

3. Appellant's final enumeration of error alleges that the trial court should have directed that appellee "accept $17,866.79 as full payment of the note between the parties as reformed." However, no appeal has been taken from the order denying appellant's motion to order acceptance of payment. This appeal is from the judgment entered on September 23, 1981, embodying the jury's verdict awarding appellee her attorney fees and expenses of litigation. The order denying appellant's motion is not within the scope of the notice of appeal. Consequently, this enumeration presents nothing for review.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED FEBRUARY 28, 1983.

*J. Alexander Rue,* for appellant.
*Sidney Haskins,* for appellee.