### 72488. BOATWRIGHT v. EDDINGS.
(350 SE2d 291)

BENHAM, Judge.

In January 1980, appellee, an orthopedic surgeon, undertook to care for and treat appellant, who was experiencing pain and limited movement in her shoulder after being injured in an automobile accident. Later that year appellant had a shoulder prosthesis inserted by another surgeon to replace her deteriorated joint, and she filed suit against appellee, alleging that his negligent treatment led to the need for the joint replacement. A jury found for appellee, and appellant moved for a new trial, claiming the discovery of new evidence. She alleged that a 1981 x-ray appellee introduced at trial as depicting her shoulder was, in fact, an x-ray of someone else's shoulder, and that that x-ray and another introduced at trial were improperly withheld during discovery. The trial court denied the motion, from which appellant here appeals. We affirm.

Although appellant argues that she clearly showed the existence of new and material evidence that the shoulder in the 1981 x-ray was not hers because a prosthesis was not depicted therein, our review of the record reveals that appellant did not exercise due diligence in determining that fact before the end of trial. The x-ray was available for examination both before trial, in response to plaintiff's request for production, and again at trial when it was offered as an exhibit, and the record indicates that appellant's counsel did look at it while cross-examining appellee. Having fallen short of meeting the requirements for the grant of a new trial, appellant has no basis for asserting that the trial court abused its discretion by denying her motion. OCGA § 5-5-23; *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980). If appellant was surprised by the tender of the 1981 and 1982 x-rays as

evidence because they were not produced during discovery as requested, she should have made that specific objection at trial. Since appellant did not so raise that objection, she waived her right to assert it on appeal, and the trial court committed no error. *Eiberger v. West*, 165 Ga. App. 559 (1) (301 SE2d 914) (1983); *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304 (7) (187 SE2d 915) (1972).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 22, 1986 —
REHEARING DENIED NOVEMBER 5, 1986

*Gerald L. Burrows, Arthur I. Jacobs*, for appellant.
*Terry A. Dillard*, for appellee.