74332, 74333, 74334. GLENRIDGE UNIT OWNERS
ASSOCIATION, INC. v. FELTON; and vice versa.
(360 SE2d 418)

BEASLEY, Judge.

These appeals and cross-appeal involve a dispute between the homeowners' association, Glenridge Unit Owners' Association, Inc., and a unit owner of a condominium complex. Ms. Felton was the occupant of the unit and the daughter of the title holder of the unit.

Based on a jury verdict, plaintiff association was awarded a judgment for past due association fees and attorney fees. Defendant Felton was awarded, on her counterclaim, contract damages and tort damages as well as attorney fees and punitive damages.

1. Both parties filed motions for judgment notwithstanding the verdict, which were both ruled on by order of August 21, 1986. Prior to that ruling, however, on May 30, 1986, Glenridge had filed its notice of appeal in our Case No. 74334. After that ruling, on August 25, 1986, Glenridge filed its notice of appeal in our Case No. 74332. Having done so, the appeal in the first case is moot and is dismissed. OCGA § 5-6-48 (b) (3); see *Gillen v. Bostick*, 234 Ga. 308, 311 (1) (215 SE2d 676) (1975).

## Case No. 74332

2. At the close of defendant Felton's case, and at the close of all of the evidence, including extensive rebuttal and surrebuttal evidence, Glenridge moved for directed verdict concerning defendant's counterclaim and then a motion for judgment notwithstanding the verdict as to the counterclaim. Glenridge's enumerations one and two claim that the denial of these motions was error.

The grounds asserted in the motion for judgment n.o.v. and on appeal will not be considered because they were not asserted in support of the motions for directed verdict as required by OCGA § 9-11-50 (b). *Battle v. Yancey Bros.*, 157 Ga. App. 277 (1a) (277 SE2d 280) (1981).

The grounds argued on appeal with regard to the motion for directed verdict succumb to a like fate. *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1986); *Fidelity & Cas. Ins. Co. v. Massey*, 162 Ga. App. 249, 250 (1) (291 SE2d 97) (1982).

3. In its enumerations three, four, and five, Glenridge appeals from the denial of its motions for new trial on the general grounds, OCGA §§ 5-5-20 & 5-5-21, and upon the ground that the court ex-

cluded material evidence contrary to OCGA § 5-5-22.

As to the general grounds, we have reviewed the record and, as to the counterclaim of Felton, both on the breach of contract for failure to repair and on the nuisance/negligence claim concerning the drainage of water, the evidence is sufficient to support the verdict. "The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it." *Associated Software &c. v. Wysocki*, 177 Ga. App. 135, 137 (338 SE2d 679) (1985); *Commercial Artsvcs. v. Buchtal Corp.*, 180 Ga. App. 305, 306 (348 SE2d 768) (1986); *Green v. Dillard*, 176 Ga. App. 574, 575 (1) (337 SE2d 55) (1985), overruled on other grounds, *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854 (360 SE2d 415) (1987).

The evidence ground involved Exhibit #8, two documents which Glenridge asserts should have been admitted. The first was a check in the amount of $5,556.37 to Felton in 1982 from the property management company of Glenridge for water damage in her unit. The other was a handwritten listing of repair costs allegedly included in this payment.

In a motion in limine just before trial, Felton objected that the evidence was not relevant and improperly injected insurance into the case. Glenridge contended it showed that Felton had already been partially paid for the damages she was claiming and that she was accepting the benefits of, but refusing to pay, her association fees. The court had granted Glenridge's motion for summary judgment as to her liability for the dues. The court tentatively ruled the evidence inadmissible but left open later reconsideration.

In the course of the cross-examination of Felton, counsel for Glenridge attempted to question her concerning the payment she had received. At that point, a discussion was held off the record between counsel and the court. Counsel for Glenridge did then question Felton about the repairs done to her unit in 1982 and where they were located. She had no specific recall concerning these repairs, although she did acknowledge receipt of payment and stated that it was "about $4,000."

When the check and handwritten notes were again proffered, Felton objected on hearsay grounds. The documents were hearsay and were not properly authenticated. OCGA § 24-3-1; *Rodgers v. Cumberland Volkswagen*, 167 Ga. App. 826, 828 (307 SE2d 721) (1983). Thus, the exclusion of these documents was not error.

4. Glenridge's enumerations six through eight, ten, fourteen and fifteen allege error in failures of the court to charge various theories of law. Glenridge's requests to charge, however, contain none which give rise to any of the enumerations except number six, and after the charge was given, no objections to these failures to charge were made.

As to these, there is nothing to review. OCGA § 5-5-24; *AAA Van Svcs. v. Willis*, 180 Ga. App. 18, 19 (3) (348 SE2d 475) (1986); *Eiberger v. West*, 165 Ga. App. 559, 560 (2) (301 SE2d 914) (1983).

Enumeration six claims erroneous instruction as to issues of contract which Glenridge claims are not applicable to the case. We are unable to understand the claim of error since Glenridge requested that the trial court instruct on contract principles and the court did so. There is thus no error.

5. Glenridge complains in enumeration nine of the court's giving of Felton's Requests to Charge Nos. 2 and 4, which dealt with one's obligation not to cause rainwater to flow other than naturally over the property of another. These two charges were objected to after the charge was given, only on the ground that there was no evidence of the alteration of flow by the Association. Additional grounds are argued on appeal and will not be considered. OCGA § 5-5-24; *AAA Van Svcs.*, supra; *Eiberger*, supra.

There was evidence of alterations made in the property by the management company, some in an apparent effort to correct the drainage problems. There was evidence from Felton and her witnesses, and from one of Glenridge's experts, that ponding around the foundation of the unit could cause damage to the foundation. This evidence authorized the charge.

6. In enumerations eleven, twelve, and thirteen, Glenridge complains of the trial court's failure to give its written Requests to Charge Nos. 4, 7, and 12. The arguments made in the brief and the objections made at trial underline the need for clarity in making objections and in arguing, whether the objections concern the refusal to give a requested charge, or claimed error in the charge given, or an omission to charge although not requested. OCGA § 5-5-24; *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976) (adequacy of objection to erroneous charge and an omission to charge, although no request made); *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (195 SE2d 417) (1973) (refusal to give written request to charge); *Kres v. Winn-Dixie Stores*, supra. Here, there was a written request to charge No. 12 below; that charge was given as requested. Plaintiff's Request No. 2 was not given, but that failure is not enumerated as error and is deemed abandoned. *Clark v. State*, 180 Ga. App. 280, 282 (2) (348 SE2d 916) (1986); *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (a) (275 SE2d 142) (1980). The brief fails to enlighten as to what it is Glenridge intended to argue here.

Glenridge's Request No. 4, which was not given and was properly reserved, enumerated, and argued, was: "In order to recover on a claim of negligence, Defendant [Felton] also must show that any injury or loss to her unit was *not* the result of her own actions or neglect, in whole or in part." (Emphasis in original.) Felton objected dur-

ing the charge conference on the ground that it was an incorrect statement of the law in that it improperly placed the burden on a party to disprove his own negligence. We agree. While comparative negligence is available as an affirmative defense in Georgia, see OCGA § 5-11-7, the burden of proving it remains with the party relying upon it and not upon the party making the original negligence claim to disprove it. OCGA § 24-4-1; *Williams v. Southern R. Co.*, 126 Ga. 710, 711 (55 SE 948) (1906); *Falkner v. Behr*, 75 Ga. 671, 674 (4) (1884).

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. [Cit.]" *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (2) (305 SE2d 134) (1983); see *Ga. Kraft Co. v. Laborers' Intl. Union*, 170 Ga. App. 581, 585 (317 SE2d 602) (1984); *Gibbs v. First Fed. Savings &c. Assn.*, 161 Ga. App. 27 (1) (289 SE2d 1) (1982).

Glenridge's Request to Charge No. 7 dealt with the statute of limitation for suits against developers for construction defects, as provided in OCGA § 9-3-30. Felton objected during the charge conference, and Glenridge did except to the court's refusal to give it. The omission of the charge was not error. Failure to plead the affirmative defense of the statute of limitations results in its being waived. OCGA § 9-11-8 (c); *Owens v. Owens*, 248 Ga. 720, 722 (3) (286 SE2d 25) (1982). It had not been pled.

7. Lastly, Glenridge complains of the trial court's failure to direct a verdict for it on the issue of attorney fees on the ground that there was insufficient evidence of the amount of the fees claimed and the reasonable value of the services rendered. Glenridge did not move for directed verdict on this ground nor include it in the motion for judgment notwithstanding the verdict, both of which are prerequisites to our review of the question. *Joseph v. Bray*, 182 Ga. App. 131 (1) (354 SE2d 878) (1987); *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299, supra.

There being no reversible error, as raised by plaintiff/appellant Glenridge, the judgment of the trial court is affirmed in Case No. 74332.

### *Case No. 74333*

In her cross-appeal, Felton claims five errors.

8. Her enumerations three and five attack the denial of her motion for judgment notwithstanding the verdict. No motion for directed verdict was made as to either ground of the motion for judgment n.o.v., as required by OCGA § 9-11-50 (b), and will not be considered. *Battle v. Yancey Bros.*, supra.

9. Enumeration four complains of the court's submission to the

jury of the issue of attorney fees, but Felton did not object until after the charge. She did not move for directed verdict on this ground, and that would have been the only device for eliminating the question from the jury's consideration during trial. OCGA § 9-11-50. The argument here concerns her claim that the theory of "set-off" prevented the jury from considering the issue; it was not properly presented to the trial court, providing nothing for us to review. In addition, any set-off of judgment is still available to both parties. OCGA § 9-13-75.

10. In her first enumeration, Felton objects to the court's allowance of Glenridge's second amendment to its complaint on the day trial began. Plaintiff's original complaint filed in December 1983 claimed assessments due under the declaration and bylaws of the condominium association up through the date of filing and claimed all future assessments. A few months later, plaintiff moved for summary judgment, seeking $2,242.64 due in assessments and late fees through the date of the accompanying affidavit. The court granted that motion, and in December 1985, plaintiff amended its complaint to seek the assessments and late fees through the end of November and filed a "Motion to Amend Judgment," seeking to add this money to its previously-won summary judgment. We find no order deciding this motion. On the day of trial plaintiff filed another amendment, seeking the assessments and late fees through March 1986, in the total sum of $5,765.90. Felton objected.

During the trial, plaintiff Glenridge submitted evidence, unobjected to by Felton, that through March 1986, she owed assessments and late fees of $5,465.90. The court granted Glenridge's motion for directed verdict for these assessments and fees.

The second amendment was not needed to raise and try the issue of assessments due as of the date of trial. The original complaint claimed all assessments due as of that date and "all future assessments accruing after Nov. 1, 1983, which remain unpaid." The unobjected-to first amendment added the late fees. Thus, at the time of the second amendment, the only change made was in the total claimed. Allowing the amendment was not error. *Abernethy v. Cates*, 182 Ga. App. 456, 460 (8) (356 SE2d 62) (1987).

11. Felton complains that the trial court erred in granting judgment for $5,465.90 when the motion for directed verdict was only in the amount of $5,270. While the motion did allude to the smaller figure, it was a mere lapsus lingue, and the evidence reflected the $5,465.90 due. The court was required, as it did, to grant the verdict based on the evidence, not the statement of counsel. OCGA § 9-11-50 (a).

12. Appellee Felton has moved for imposition of damages pursuant to OCGA § 5-6-6. Although we have had to plod through numerous enumerations of error which were defective because not properly

raised below and so should not have been asserted, consideration of the whole case does not lead us to the conclusion that it was appealed for delay only. OCGA § 5-6-6. The motion is denied.

*Judgment affirmed in Case Nos. 74332 and 74333. Appeal dismissed in Case No. 74334. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1987.

*Philip S. Downer, Jeffrey A. Hurley, James B. Rhoads, Amy Griffith Dever,* for appellant.
*Glenville Haldi,* for appellee.