### 75502. TANNER v. GILLELAND.
(367 SE2d 257)

Beasley, Judge.

Tanner, plaintiff below in what evolved from a land line dispute, appeals from the verdict and judgment in favor of defendant Gilleland on his trespass counterclaim, but only to the extent of the attorney fees.

1. At the close of plaintiff's testimony, defendant was granted permission to amend his counterclaim and the pretrial order to add a claim for expenses of litigation and punitive damages. The jury awarded attorney fees but not punitive damages. As appellant, counter-defendant urges in two enumerations that allowing the amendments after plaintiff testified was an abuse of discretion.

The only objection voiced at trial was not that the amendments

were untimely but rather that such damages are not recoverable in land line cases. Only those grounds urged below will be considered on appeal. *Long v. Marion*, 182 Ga. App. 361, 362 (1) (355 SE2d 711) (1987), affirmed, 257 Ga. 431, 432 (1) (360 SE2d 255) (1987). Thus, there is nothing in this regard for us to review.

2. In his third enumeration, Tanner urges error in the denial of his motion for j.n.o.v. on the issue of expenses of litigation. This may not be considered, however, because no motion for directed verdict was made on this ground as required by OCGA § 9-11-50 (b). *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858 (2) (360 SE2d 418) (1987); *Battle v. Yancey Bros. Co.*, 157 Ga. App. 277 (1) (a) (277 SE2d 280) (1981).

3. In his remaining enumerations, Tanner asserts that there was insufficient evidence to support the award of expenses, in that there was a "bona fide" dispute precluding their award. As indicated in Division 2, however, the issue of whether there was a defense as a matter of law to the award of expenses was not presented to the trial court and there is nothing for us to review as to that.

The counterclaim of defendant was for trespass, an intentional tort, which tort will support a claim for expenses under the theory that the intention evokes that "bad faith" necessary for recovery under OCGA § 13-6-11. *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190 (2) (232 SE2d 62) (1977).

There was evidence of the intentional building of a fence by plaintiff on defendant's land. This was sufficient for the jury to consider the issue. The fact that there was a dispute as to the location of the land line did not justify the building of the fence. The cases cited by plaintiff for his contention that the existence of a "bona fide" dispute precludes award of attorney fees involved a contract dispute or negligence claim, not an intentional tort. *Nestle' Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 332 (2) & (3) (265 SE2d 61) (1980).

This enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1988 —
REHEARING DENIED MARCH 16, 1988.

*Charles W. Smith, Jr.*, for appellant.
*W. Allan Myers*, for appellee.