A92A0655. WOMACK INDUSTRIES, INC. et al. v. LOADSTAR, INC.
(420 SE2d 659)

POPE, Judge.

Plaintiff Womack Industries, Inc. was the general contractor for the construction of an apartment complex. It entered into a subcontract with defendant Loadstar, Inc. for the construction and supply of certain prefabricated structural elements. Womack Industries, Inc. and Virgil Womack, the corporation's owner, filed an action against defendant alleging, inter alia, breach of contract. Defendant counterclaimed for the amount allegedly remaining unpaid under the contract. After the first trial of the case resulted in a verdict awarding neither party damages, the trial court granted defendant's motion for new trial. At the second trial, the jury specifically found that plaintiffs and not defendant breached the contract and judgment was entered awarding the defendant damages in the amount of $55,509, interest in the amount of $26,228 and attorney fees. Plaintiffs appeal.

1. Two of plaintiffs' enumerations of error relate to the trial court's refusal to permit plaintiffs to introduce evidence of damages paid to the owner of the construction project as a result of construction delays which plaintiffs allege were due to defendant's breach. Even if the evidence was improperly excluded, the error was harmless in light of the jury's finding that defendant did not breach the contract, since the evidence related only to damages and not the defendant's alleged breach of contract.

2. We reject plaintiffs' argument that the trial court erred in denying their witness the opportunity to utilize a document to refresh his recollection of a telephone conversation with an employee of the defendant. Since the witness testified he recalled the specifics of the conversation, no need was shown for the use of the document to refresh the witness' recollection.

3. We reject plaintiffs' argument that the trial court erred in ordering the jury to disregard the testimony of one of plaintiffs' witnesses that an employee of defendant came to the job site to view the materials plaintiffs claimed were defective and yet defendant failed to remedy the defect. The record shows the witness was ultimately permitted to testify that after defendant's employee viewed the materials, defendant made no repairs to the materials and did not advise plaintiffs how to treat the problem.

4. Finally, plaintiffs argue the trial court erred in allowing defendant's witness to testify concerning a written notice he said defendant sent to plaintiffs concerning defendant's policy for repairing defects or damage to materials even though the written notice was not produced. Plaintiffs' enumeration of error apparently attempts to raise an objection on the ground of the best evidence rule. That objection, however, was not raised at trial. An objection cannot be raised for the first time on appeal. See *Bolden v. State*, 150 Ga. App. 298 (3) (257 SE2d 367) (1979). The only objection raised by plaintiffs at the trial was that the testimony was "not germane." Assuming the plaintiffs intended to raise the issue of the relevance of the testimony, we conclude the testimony was relevant because it related to the issue of mitigation of plaintiffs' damages. Moreover, since the testimony related to damages, the admission of the testimony was at most harmless error since, as noted above, the jury specifically found the defendant did not breach the contract.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 6, 1992.

*Walters, Davis, Smith, Meeks & Pittman, Thomas E. Pujadas*, for appellants.

Virgil Womack, *pro se.*

*Adams, Clifton & Sanders, Janney E. Sanders*, for appellee.