A93A1131. BUFFINGTON v. HALDI.
(436 SE2d 740)

ANDREWS, Judge.

Buffington, a former client of Haldi and his professional corporation, appeals from the judgment entered on the jury's verdict in this dispute over attorney fees.

Viewed in favor of the verdict, the evidence was that Buffington retained Haldi in 1982 to represent him in a fee dispute with attorney Jessee's firm, which was splitting up. The litigation in which Jessee was representing Buffington was a contract dispute arising from Buff-

ington's construction company's involvement in several hospital projects.

Out of this dispute grew two more, a suit by Sasser, former partner of Buffington, for reimbursement of attorney fees paid by him in the construction dispute based on an indemnification agreement and a suit against attorney Fussell for failing to place money held in the dispute in an interest-bearing account. Haldi's representation continued through 1988 when Buffington fired him. Throughout this representation, letters were exchanged between Haldi and Buffington relating to the fee arrangements on the three matters. Haldi's position was that, when it became apparent that Buffington was going to release him before the three matters were resolved, he and Buffington agreed, if such discharge occurred, all hours in all three matters would be recomputed at a fee of $150. Further, they agreed that, if Haldi's discharge occurred just before the Jessee matter settled, based on his negotiations, then Haldi's contingency fee would be due, in addition to the hourly rate. Buffington disputed this and contended a portion of the hours were to be billed at $75, a portion at $100, and the Jessee matter only at $150, with no portion of the contingency due.

Haldi computed the total due him, after deducting payments made by Buffington, at $123,945.92. The jury awarded $105,877.25 in principal and $25,939.94 in interest.

1. The first, second, and fourth enumerations[1] are that the verdict was not supported by evidence, making denial of the motion for j.n.o.v. and new trial error, and that the court "erred in allowing the jury to return a verdict in a sum dependent upon both hourly rate and contingency computations."

As to sufficiency of the evidence, the record contains five volumes of exhibits, including the entire billing and correspondence files of Haldi. The weight of the evidence, the interpretation placed upon the letters, and the recollections of conversations were matters particularly within the jury's function and will not be disturbed here. OCGA § 24-9-80; *Brygider v. Atkinson*, 192 Ga. App. 424 (385 SE2d 95) (1989). There was legally sufficient evidence to support the verdict, the only matter addressed by this court. *Hawkins v. Grady County &c. Tax Assessors*, 192 Ga. App. 416, 417 (2) (385 SE2d 305) (1989).

No objection was voiced below to the method of computation put forward by Haldi and none will be considered here for the first time. *Womack Indus. v. Loadstar, Inc.*, 204 Ga. App. 802, 803 (4) (420 SE2d 659) (1992).

2. To the extent that the second enumeration attempts to ad-

---

[1] The brief filed by appellant is in direct violation of Rule 11 (e) of this court, containing 50 pages, 37 of which are spent rearguing the evidence presented to the jury.

dress the denial of the motion for j.n.o.v., it is also without merit. While Buffington did make a motion for directed verdict addressed solely to the issue of interest after resting his portion of the case, this motion was not renewed after the close of all the evidence as required by OCGA § 9-11-50 (b). *Battle v. Yancey Bros.*, 157 Ga. App. 277 (1a) (277 SE2d 280) (1981). Therefore, there is nothing to review.

3. The third enumeration is that the court erred in allowing Haldi to introduce his time and billing records "in mass without identifying separate documents thus causing confusion to the jury. . . ."

Initially, when the two files were identified, counsel for Buffington agreed to their being introduced "in bulk" as long as he could see them before they were given to the jury, which he did. Later, in the trial, the only statement which can be read as an objection was counsel's "suggest[ion] they ought to be submitted by different legal matters as opposed to a mass admission because these cases were handled by different fee arrangements."

The enumeration does not relate to any objection made below and, in any event, the only suggestion of an objection made at trial was without merit.

4. The motion for imposition of ten percent damages for frivolous appeal is denied.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 14, 1993.

*McGee & Oxford, Andrew J. Hinton, Jr.,* for appellant.
*Glenville Haldi,* pro se.