A96A0222. ROSS C. SHAW, JR., INC. v. REYNOLDS.
(472 SE2d 125)

JOHNSON, Judge.

Ross Shaw, as president of Ross C. Shaw, Jr., Inc., employed Beverly Reynolds under a three-year written contract providing that she would provide her "full time services" to the business of the company; that she would be paid at least $5,000 per month; and that her employment could be terminated prematurely only for "just cause." Shaw terminated the contract after less than one year. Reynolds sued Shaw individually and Ross C. Shaw, Jr., Inc. ("the company") for wrongful termination. Shaw individually moved for summary judgment, which was granted. Reynolds' claim against the company was then tried to a jury, which returned a verdict in Reynolds' favor. The company's motion for a new trial was denied, and this appeal follows. We affirm.

1. Ross C. Shaw, Jr., Inc. enumerates as error the trial court's grant of Reynolds' motion in limine. This ruling precluded any mention during the trial that Reynolds was admittedly, at the time the company terminated the contract, pregnant by a man who was married to, and had a family by, someone else. Ross Shaw, pro se counsel for the company and its only witness, protested that the marital and family status of the father was relevant because it so affected Reynolds emotionally that she could not concentrate on her job. The company contends on appeal that the ruling deprived it of the ability to show an adequate reason, beyond the effects of a typical pregnancy, for Reynolds to be distracted from her work, thus unfairly prejudicing its ability to demonstrate to the jury "just cause" for terminating her contract.

Under the contract, the challenged evidence was not relevant, and there was thus no error in excluding it. The contract had no terms relating to Reynolds' personal, as opposed to business, conduct, nor did it speak to reasons for possible nonperformance. It simply required Reynolds to provide her "full time services" to the busi-

ness of Ross C. Shaw, Jr., Inc. The trial court correctly gave the company complete freedom to introduce relevant evidence, instructing Ross Shaw that he could expound upon how Reynolds allegedly failed to make sales calls, generate business, or otherwise perform her job. Moreover, even if we accepted Shaw's argument that the father's status might have some relevance, which we do not, the trial court had discretion to exclude the evidence on the ground that its potential for prejudice substantially outweighed its probative value. *Kilpatrick v. Foster*, 185 Ga. App. 453, 456 (3) (364 SE2d 588) (1987). We therefore find no abuse of discretion, and no error.

2. The company also enumerates as error the grant of Reynolds' motion in limine that was in substance a motion for summary judgment on the company's counterclaim. The counterclaim sought recovery of monies paid as draws to Reynolds, and alleged they were advances against anticipated future commissions that she never earned. Reynolds contended any debt she had to the company had been extinguished by her recent discharge in bankruptcy. The trial court agreed, and instructed Ross Shaw not to mention the counterclaim in the trial.

In order to gain a reversal, an appellant must show not only error, but harm. *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704 (1) (463 SE2d 152) (1995). It appears the trial court's ruling may have been erroneous, because Reynolds did not adequately prove that she had obtained a discharge applicable to the company's claim (see generally *Commercial & Exchange Bank v. McDaniel*, 147 Ga. App. 378, 379 (249 SE2d 97) (1978) and *Stegall v. Jones*, 87 Ga. App. 115, 117 (73 SE2d 42) (1952)), and because the doctrine of recoupment would allow the company to pursue this counterclaim even after discharge, at least as a defense to Reynolds' claim for damages of $5,000 per month for the remainder of the contract. This is because the counterclaim arose from the same contract as Reynolds' claim against the company. *Anthem Life Ins. Co. v. Izaguirre*, 166 Bankr. 484, 490-493 (N.D. Ga. 1994). At least a portion of the counterclaim may also have been assertable as a defense under the setoff provision of the Bankruptcy Code, 11 USC § 553. See *Ford v. Darracott*, 35 Bankr. 277, 278-280 (N.D. Ga. 1983). The company has not shown harm, however, because the verdict indicates that the jury found that the company, not Reynolds, breached the contract. The company could have recovered no damages on its counterclaim unless the jury had found in its favor on the breach issue. Thus, any error does not require reversal.

3. In its final enumeration of error, the company alleges that attorney fees and expenses of litigation were improperly awarded against it. While the complaint prayed for an award of both attorney fees and litigation expenses, Reynolds limited her evidence and argu-

ment to litigation expenses only. At Reynolds' request, the trial judge charged the jury on expenses but not fees. The verdict awarded a single amount of money, and did not specify whether any was for attorney fees or litigation expenses.

The evidence was sufficient to support a finding of bad faith in the company's breach of the contract, which would authorize an award of litigation expenses. OCGA § 13-6-11; see *Kemira, Inc. v. Williams Investigative &c.*, 215 Ga. App. 194, 199-200 (3) (450 SE2d 427) (1994). Moreover, Ross Shaw did not object at trial to the evidence, argument, or jury charge relating to expenses, or to the form of the verdict, and has not shown how the issue of attorney fees could have been placed before the jury. He thus did not preserve these issues for appellate review. See *Boatwright v. Eddings*, 180 Ga. App. 742 (350 SE2d 291) (1986). This enumeration is therefore without merit.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 29, 1996.

*Bedford, Kirschner & Venker, Andrew R. Kirschner*, for appellant.

*F. Clay Bush*, for appellee.