A00A1719. ASSOCIATED ELECTRICAL CONTRACTORS, INC. v. EDLEN ELECTRICAL EXHIBITION SERVICES OF GEORGIA, INC.
(539 SE2d 835)

MILLER, Judge.

Associated Electrical Contractors, Inc. subcontracted Edlen Electrical Exhibition Services of Georgia, Inc. to construct electrical outlets for certain outdoor kiosks for the 1996 Olympics in Atlanta. The parties agreed to a price of $69,000 for the services, with $34,500 paid in advance. Edlen performed the promised services plus some additional work, but Associated refused to pay the remaining $34,500 or for the additional work. Associated claimed that payment to Edlen was contingent on Associated receiving payment from a third party, which did not occur, and that for this reason it had ordered Edlen to cease performance after two days of work (worth approximately $20,000). Edlen countered that it received no order to cease and that payment was not contingent.

Edlen sued Associated for breach of contract. Associated asserted the above defenses and added that the contract was illegal and therefore unenforceable in that Edlen allegedly did not employ a person possessing the statutorily required electrical contractor's license.[1] Associated also counterclaimed for a partial or full return of the advance payment, arguing that Edlen was not authorized to continue after receiving the instruction to cease and that Associated had not received payment from the third party. The court directed a verdict against Associated on the counterclaim. The jury found in

[1] See OCGA § 43-14-8 (f); *Bowers v. Howell*, 203 Ga. App. 636, 637 (1) (417 SE2d 392) (1992).

Edlen's favor on the breach of contract claim, awarding $34,500.

Associated appeals, contending that the court erred in directing a verdict against Associated on its illegality defense and on its counterclaim. We hold that the court did not direct a verdict on the illegality defense and that no harm arose from the court directing a verdict on the counterclaim. Thus, we affirm.

1. Although the court indicated it was "going to" direct a verdict against Associated on its illegality defense, the court in fact did not. Rather, the court carefully instructed the jury on the elements of the defense, specifically charging that to recover Edlen was required to show it held an electrical contractor's license at the time the contract was entered into. As there was evidence that Edlen employed a full-time person having such a license at the relevant time, we will not disturb the verdict.[2]

2. The second error enumerated is the directed verdict on the counterclaims for recoupment and quantum meruit, as alleged in Associated's amended answer. The evidence in support of these claims is the testimony that, while $34,500 (one-half) was paid up front, Edlen was instructed to stop one-third of the way through, when the reasonable value of the services rendered was only $20,000. Also, some testimony showed that payment to Edlen was contingent on Associated receiving payment from a third party, which payment did not occur. By awarding Edlen the remainder of the initial contract price, the jury necessarily found that payment was not contingent (or if it were, the contingency was met) and that Edlen was authorized to complete the contract. "[I]t must necessarily follow that they found against [any arguable] plea of recoupment, and any error in the charge or the failure to charge on the measure of damages applicable thereto was harmless. [Cits.]"[3]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 25, 2000.

*Small, White & Marani, Gus H. Small, Jr.,* for appellant.
*Melvin Drukman,* for appellee.

---

[2] See OCGA § 43-14-8 (f) (electrical contracting company must have person holding a Georgia license who is regularly connected with the company and who is engaged in such business on a full-time basis); *K-Mart Corp. v. Lovett,* 241 Ga. App. 26, 27 (525 SE2d 751) (1999) (appellate court affirms if there is any evidence to support the jury's verdict).

[3] *Shaheen v. Kiker,* 105 Ga. App. 692, 696-697 (4) (125 SE2d 541) (1962); accord *Ross C. Shaw, Jr., Inc. v. Reynolds,* 221 Ga. App. 548, 549 (2) (472 SE2d 125) (1996).