A04A2319. VAKILZADEH ENTERPRISES, INC. v. HOUSING AUTHORITY OF THE COUNTY OF DeKALB, GEORGIA.
(608 SE2d 724)

JOHNSON, Presiding Judge.

The facts in this case are not in dispute. On March 7, 2002, Affordable Housing Development Corporation of DeKalb entered into a contract with Vakilzadeh Enterprises, d/b/a Allstates Construction Company ("Allstates"). Affordable Housing is a nonprofit subsidiary corporation created by the Housing Authority of the County of DeKalb. Under the contract, Allstates agreed to provide all labor, materials and equipment for development work of the Sugar Mill Creek Subdivision (the "Project"), located in DeKalb County. The Project is located on 53 acres of land owned by the Housing Authority and is intended to be an affordable housing development for low-to-moderate-income families.

In November 2003, as provided for in the contract, Affordable Housing assigned its contract with Allstates to the Housing Authority. On January 9, 2004, the Housing Authority terminated the contract, effective January 19, 2004, purportedly due to Allstates' numerous defaults under the contract. On January 22, 2004, Allstates filed a complaint for breach of contract against the Housing

---

Authority, claiming the Housing Authority had failed to pay money due under the contract. Allstates also filed a materialman's lien on the property. The Housing Authority notified Allstates that the property was public and suggested that Allstates did not have lien rights on the property. Because a construction loan closing was scheduled to take place on May 20, 2004, and the lien would likely prevent the closing from taking place, the Housing Authority filed a Verified Petition to Void Lien of Record on May 13, 2004.

The trial court granted the Housing Authority's request for an emergency hearing, and a hearing was held on May 19, 2004. Following the hearing, the trial court granted the Housing Authority's petition to remove the lien from the property, finding that nothing in Georgia law authorizes the placing of a lien against public property and that the property at issue is public property inasmuch as it is owned by the DeKalb Housing Authority, a public institution. Allstates appeals, alleging the trial court erred in finding that its lien was not authorized by Georgia law and in voiding the lien. Notwithstanding Allstates' purported failure to file a timely or verified responsive brief in the trial court, we have considered this case on the merits, and we find no error.

Allstates does not dispute that the Housing Authority is a public body and its property is public property. Nor does Allstates contest the general theory that claims of liens against public property are not enforceable. Rather, Allstates claims on appeal that it was entitled to file a lien against the Housing Authority's public property because the property was not going to be used for a public purpose; the Housing Authority was going to sell the property to individuals. We find no merit to this contention.

While Allstates cites a number of cases from foreign jurisdictions, the outcome of this case is clear given the Georgia legislature's statutory promulgations:

a. The Housing Authority is a public body.[1]
b. "The property of an authority is declared to be public property used for essential public and governmental purposes and not for purposes of private or corporate benefit and income."[2]

Given these statutes, it is clear that the property upon which Allstates attached its lien is "public property used for essential public and governmental purposes." As such, Allstates was not authorized

---

[1] OCGA §§ 8-3-2; 8-3-3.
[2] OCGA § 8-3-8.

under Georgia law to file a lien on the property.

Allstates urges this Court to reconsider Georgia's well-established rule that liens cannot be filed on public property by arguing that the property will not be "used for public purposes" because the Housing Authority will sell the property once construction is completed. However, this argument flies in the face of Georgia statutory law that in no way limits the means or the methods by which the Housing Authority can accomplish its primary mission of providing low-income individuals and families with affordable housing or how the Housing Authority can develop its housing projects:

> a. The Housing Authority may "prepare, carry out, acquire, lease, and operate housing projects; to provide for the construction, reconstruction, improvement, alteration, or repair of any housing project or any part thereof"[3] and to "sell, lease, exchange, transfer, assign, pledge, or dispose of any real or personal property or any interest therein."[4]
> b. One definition of a "housing project" is any work or undertaking to provide decent, safe, and sanitary urban or rural dwellings, apartments, or other living accommodations for persons of low income.[5]

By statute, the Georgia General Assembly has mandated that property owned by the Housing Authority is public property used for essential public and governmental purposes. Nothing the Housing Authority can do to the property, while in the Housing Authority's possession, can alter its public character and nature.[6] Therefore, at least until the Housing Authority's property is sold to private individuals, an event which may or may not occur, the property is and will remain public property used for essential public and governmental purposes. Allstates had no right under Georgia law to place a lien on the Housing Authority's property, and the trial court properly voided Allstates' lien.[7]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 16, 2004.

*David J. Merbaum*, for appellant.

---

[3] OCGA § 8-3-30 (a) (2).

[4] OCGA § 8-3-30 (a) (4).

[5] OCGA § 8-3-3 (10) (A) (ii).

[6] See *Neal-Millard Co. v. Trustees of Chatham Academy*, 121 Ga. 208, 213-214 (48 SE 978) (1904).

[7] OCGA § 44-14-367 (b).

*Powell, Goldstein, Frazer & Murphy, Patrick J. O'Connor, Gregory H. Worthy*, for appellee.