A09A0006. JR CONSTRUCTION/ELECTRIC, LLC v. ORDNER CONSTRUCTION COMPANY.
(669 SE2d 224)

ELLINGTON, Judge.

The Superior Court of Carroll County removed a subcontractor's lien filed by JR Construction/Electric, LLC ("JR"), after concluding that there was no evidence that a Georgia-licensed electrician worked with or for JR at the time that the subcontracted electrical work was done and, therefore, that the underlying subcontract was void as against public policy. The trial court also granted partial summary judgment in favor of the contractor, Ordner Construction Company, on JR's claims for breach of contract, unjust enrichment, and expenses of litigation. On appeal, JR contends that it identified evidence that it "joint ventured" with another company that employed a licensed electrician to supervise the project and that, as a result, the trial court erred in concluding that the subcontract was not enforceable under Georgia law. Finding no error, we affirm.

In the Georgia Code relating to the regulation of certain businesses, including electrical contracting, the State of Georgia declared

the practice of electrical contracting to be a business or profession "affecting the public interest." OCGA § 43-14-1. The State, therefore, regulates the profession for the purpose of "safeguarding homeowners, other property owners, tenants, and the general public against faulty, inadequate, inefficient, or unsafe electrical [contracting]." Id. Under these regulations, a person may "engage in the electrical contracting business as an electrical contractor" in Georgia only when that person "has a valid license from the Division of Electrical Contractors." OCGA § 43-14-8 (a). Where the electrical contractor is a partnership, limited liability company, or corporation, as in this case, such an entity may engage in the business of electrical contracting only when "there is regularly connected with such partnership, limited liability company, or corporation a person or persons actually engaged in the performance of such business on a full-time basis who have valid licenses issued to them [by the Division of Electrical Contractors]." OCGA § 43-14-8 (f). In order to recover on an agreement to perform electrical work, an electrical contracting company must show that it complied with the licensing requirement of OCGA § 43-14-8 (f); otherwise, the agreement is void and unenforceable. *Associated Electrical Contractors v. Edlen Electrical Exhibition Svcs. &c.*, 246 Ga. App. 118, 119 (1) (539 SE2d 835) (2000).[1]

In this case, JR contracted to install electrical systems at three stores at a shopping center in Carroll County. At the time, JR, a Wisconsin company, did not directly employ a Georgia-licensed electrician. To show that JR complied with OCGA § 43-14-8 (f) by being "regularly connected" with a Georgia-licensed electrician, JR's owner, Ricky Kletschka, testified that JR entered into a joint venture with a Georgia company, Moore Electric Contractors, LLC ("Moore Electric"), that was owned by his brother, Randy Kletschka, and Barbara Moore. JR claims that Moore Electric employed Danny Barbour, a Georgia-licensed electrician, and that Barbour's "full time responsibility was as a project manager in charge of supervising and monitoring each Moore Electric project[, including the Carroll

---

[1] See *Bowers v. Howell*, 203 Ga. App. 636, 637 (1) (417 SE2d 392) (1992) (A litigant who seeks "to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure" in the interest of the public must prove "that he holds such a license and held such license at the time the contract was entered into.") (citation and punctuation omitted); *Brown v. Glass*, 46 Ga. App. 323, 323-324 (2) (167 SE 722) (1933) (Whenever a statute requiring a license and registration for those seeking to engage in the practice of a trade or profession "has for its primary intent the protection of the public from injury by preventing the practice of such trade or profession by incompetent, irresponsible, or unfit persons," "a failure to comply with the requirements of such statute renders contracts made by those unauthorized to practice such profession void and unenforceable.").

County project,] to insure all actions were performed in accordance with the plans, code and specs."

JR's claim that Barbour supervised and monitored the electrical work at the Carroll County project is wholly unsupported by the evidence. To the contrary, the record shows that the only thing Barbour did on the project was present his electrical contracting license, in person or by power of attorney, when Moore Electric applied for permits for the work.[2] There is no evidence in the record that Barbour *even once* observed any other person perform any of the work, inspected electrical work performed by others, interacted with the persons who performed that electrical work in any way, or took any action whatsoever to verify that the electrical work complied with applicable codes. Not surprisingly, JR fails to suggest how Barbour's remote involvement in the project could possibly fulfill the regulatory objectives of protecting the shopping center property owners, the tenants, and the general public from faulty, inadequate, inefficient, or unsafe electrical work. Accordingly, JR failed to identify any evidence that it complied with OCGA § 43-14-8 (f) by being regularly connected to a Georgia-licensed electrician actually engaged in the performance of the electrical contracting business on a full-time basis.

Because JR failed to identify any evidence that it complied with OCGA § 43-14-8 (f), it cannot enforce its subcontract agreement against Ordner. *Associated Electrical Contractors v. Edlen Electrical Exhibition Svcs. &c.*, 246 Ga. App. at 119 (1). Accordingly, the trial court correctly granted summary judgment in favor of Ordner on JR's claim for breach of contract.

Because JR failed to comply with OCGA § 43-14-8 (f), it likewise cannot recover the value of goods and services provided under a theory of unjust enrichment or quantum meruit.[3] If, as in this case, an express agreement is unenforceable because it violates public policy, the agreement "can not be made legal and binding as an implied contract, by merely praying for a recovery on quantum meruit of a portion of the amount expressly agreed upon." *Sapp v. Davids*, 176 Ga. 265, 267-268 (1) (168 SE 62) (1933). "If the express contract was void because contrary to public policy, the implied promise was void in its inception." Id. at 267 (1).[4] Accordingly, the

---

[2] Randy Kletschka and Barbara Moore testified that Moore Electric paid Barbour a monthly fee of $100 for "renting" his license.

[3] See OCGA § 9-2-7 ("Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof.").

[4] See 15 Corbin on Contracts § 88.1 (2008) (effect of bargains made without compliance with licensing and registration statutes).

trial court correctly granted summary judgment in favor of Ordner on JR's claim for unjust enrichment. *O'Neal v. Home Town Bank &c.*, 237 Ga. App. 325, 329 (2) (514 SE2d 669) (1999) (trial court properly granted summary judgment to bank on executive's unjust enrichment claim for compensation for his efforts in creating the bank, because OCGA § 7-1-391 prohibits a bank from paying compensation in connection with its organization).

Finally, because JR cannot legally compel Ordner to pay for goods and services it supplied, JR lacked the authority to file a subcontractor's lien against the property. OCGA §§ 44-14-361.1; 44-14-367. Accordingly, the trial court correctly ordered that the lien be removed. *Vakilzadeh Enterprises v. Housing Auth. of DeKalb*, 271 Ga. App. 130, 132 (608 SE2d 724) (2004) (because liens as a matter of law cannot be placed on public property, the trial court properly voided the lien a contractor placed on housing authority's property).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 7, 2008.

*Price, Pyles, Dangle, Parmer & Rooks, Thomas C. Pyles*, for appellant.

*Shapiro, Fussell, Wedge & Martin, J. Ben Shapiro, Jr., Edward A. Stone*, for appellee.